ESTATE OF NÚÑEZ v. MONTILLA.

APPEAL from the District Court of San Juan.

No. 377.—Decided June 22, 1909.

EXECUTION PROCEEDINGS FOR RECOVERY OF MORTGAGE—SUFFICIENCY OF A TITLE OF CREDIT.—When it appears that the deed constituting the mortgage has been recorded in the registry and that it is not canceled nor pending cancellation, and that the debt is true and demandable, it must necessarily be acknowledged that the title of the credit contains the necessary legal requisites to warrant the issuance of execution.

PRESCRIPTION—MORTGAGE ACTION—INTERRUPTION BY JUDICIAL CLAIM—SECONDARY EVIDENCE.—Secondary evidence is admissible when consisting of the testimony of witnesses and a copy of the "Gaceta de Puerto Rico" to establish the existence of the record of proceedings, which should be filed in the secretary's office of the district court; therefore, a certificate issued

by the secretary of said court having been presented, stating that, upon an examination of the index of the archives of the office under his charge, it has not been possible to find the record of the procedings sought and the existence of which was to be established, the loss of such record is thereby sufficiently established, because, upon proof of the fact that such record is not in the place where it legally should be cared for and filed, its loss is *ipso facto* sufficiently established, and in such case the documentary evidence and the testimony of the witnesses, of a secondary character, was perfectly admissible.

ID.—MORTGAGE ACTION—LEGISLATION PRIOR TO THE CIVIL CODE.—In accordance with Law 63 of Toro, a mortgage action prescribes in 30 years.

The facts are stated in the opinion.

*Mr. Sarmiento* for appellant.

*Mr. Manuel F. Rossy* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

By public deed executed on September 24, 1870, before Notary Demetrio Giménez y Moreno, as the substitute of Mauricio Guerra, Juan Bausilio Núñez constituted a voluntary mortgage in favor of Vicente Rodríguez, for the sum of 1,600 *escudos,* of which he acknowledged himself to be the debtor, which mortgage was constituted for á period of four months from the date of the deed, with interest at the rate of two per cent per month, on an estate called "Aurora," belonging to the debtor, situated in the judicial district of Bayamón, *barrio* of Juan Sánchez, consisting of 142 *cuerdas* of land, adjoining the estate called "Isleta," the Estate of Santa Cruz, property belonging to Arturo Zarate, the Estate of Mascaro and Juana Peretao. By another public deed executed on November 21 of the same year, before Ramón Rodríguez, a notary of Bayamón, the said Vicente Rodríguez assigned and conveyed all his rights and actions in the said mortgage to José Ramón Tibot, from whom he acknowledged that he had received its value. On April 19, 1894, José Ramón Tibot executed a private document acknowledging the receipt from the hands of Emilio Montilla y Valdespino, to his entire satisfaction of the sum of 3,800 Mexican *pesos,* the money current, representing the principal and interest of the mortgage credit which had been assigned him by Vicente Rodríguez and which encumbered the

rural estate called Aurora, against which he had brought execution proceedings in the Court of First Instance of Vega Baja for the purpose of enforcing payment of the said credit, which he conveyed by said private document to Montilla, the assignor assuming the obligation of prosecuting the execution proceedings to the end until the sale of the estate should be · obtained and Montilla left in possession thereof with a deed of ownership, all in accordance with a private agreement entered into on the same date between the two contracting parties, with the right on the part of the contracting parties to conclude the agreement referred to in another form.

By public deed of August 16, 1906, executed before Luis Campillo, a notary of San Juan, Emilio Montilla y Valdespino, having become the owner of the mortgage credit to which reference has been made, assigned it to Fernando J. Montilla y Márquez, with all the interests, rights and actions appurtenant thereto, for the price of $1,000, which sum he acknowledges he received to his entire satisfaction prior to the execution of the deed and for which he executed to him a full and absolute receipt.   And by another deed of October 27, 1906, executed before the said notary, Luis Campillo, Carmen Tibot y Fuentes, unmarried, and María del Carmen Fuentes y Maisonet, a widow, the former in her own right and as the executor of José Ramón Tibot, which capacity she establishes by a decision  of the District Court of San Juan of August 19, 1906, by which said court issued testamentary letters in favor of said Carmen Tibot y Fuentes, both parties state that on September 24, 1870, Juan Basilio Núñez constituted a mortgage in favor of Vicente Rodríguez for the sum of 1,600 *escudos,* the money then current, on an estate belonging to him called Aurora, which mortgage was recorded in the Registry of Property of San Juan and assigned by Vicente Rodríguez to José Ramón Tibot on November 21, 1870, the assignment being also recorded in the Registry of Property of San Juan; that José Ramón Tibot, having become the owner of said mortgage credit, assigned it by private document dated April 19,

1894, to Emilio Montilla y Valdespino, for the sum of 1,000 Mexican *pesos,* which he acknowledged that he received to his entire satisfaction; that José Ramón Tibot died in the town of Bayamón on July 18, 1906, leaving a will executed before Notary Tomás Valdejuli, on April 30, 1906, by which he constituted Carmen Tibot y Fuentes his sole and universal heir, and his wife, María del Carmen Fuentes, to the portion prescribed by law; that Emilio Montilla y Valdespino together with his wife, assigned to Fernando J. Montilla, all the rights and actions which Emilio Montilla had in said mortgage credit; that the parties, Carmen Tibot y Fuentes and María del Carmen Fuentes y Maisonet, knowing the foregoing facts, and that José R. Tibot, upon the demand of a party thereto was obliged to convert into a public instrument the private document executed in favor of Emilio Montilla on April 19, 1894, by which he had assigned to him the mortgage credit referred to; the parties were those called on to perform the obligations of their predecessor in interest, for which reason they agreed with the other party to the deed, Fernando J. Montilla, to assign the said mortgage credit under the following clauses and conditions: Carmen Tibot y Fuentes and Carmen Fuentes y Tibot, the former as the executor and both as the heirs of José R. Tibot, by said deed assign the mortgage credit in reference to Fernando J. Montilla, subrogating him in their place and right, in order that he may collect it from the person possessing the property on which said mortgage is constituted, with interest and the other rights appurtenant thereto, and that by virtue of the facts stated, they acknowledge the receipt of the price for which such assignment is made to their entire satisfaction, executing therefor a full receipt in favor of Fernando J. Montilla, who, on his part, accepts such assignment and agrees to the stipulations.

Under date of July 31, 1907, Fernando J. Montilla instituted foreclosure proceedings in the district court of San Juan for the recovery of the mortgage credit, the subject of the deeds mentioned, for 1,600 *escudos,* as principal—that is to

say, 800 Spanish *pesos* and interest at the rate of two per cent per month for 20 years, amounting to 3,840 Spanish *pesos*—and the proceedings having been prosecuted through all the stages and the sale of the mortgaged estate being about to take place, Attorney Antonio Sarmiento appeared in said court on behalf of the Estate of Juan Basilio Núñez, consisting of Isabel and Gonzalo Núñez Rivera, Matilde Nú-ñez Aguayo Belén, Herminio, Antonio and Mercedes Padial y Núñez and Antonio Blanco y Pérez, all of them of age, and filed the complaint which is the origin of this action against Fernando J. Montilla, praying that the mortgage proceedings prosecuted by the latter for the recovery of the principal and interest of said mortgage be annulled as well as the assignment of said mortgage credit by Carmen Tibot y Fuentes and Carmen Fuentes to Fernando J. Montilla on October 27, 1906; that the deed containing such assignment be declared null and void and that the cancellation of the record thereof in the registry of property be ordered, alleging as the ground for such petitions that in said mortgage proceedings the present defendant has not presented documents sufficient to establish his capacity, nor deeds sufficient to establish his credit with the formalities required by the former Law of Civil Procedure to authorize writs of execution, and that in addition thereto, the deed by virtue of which the mortgage credit had been recorded in the registry of property in favor of the plaintiff, Fernando J. Montilla, is a public deed of October 27, 1906, executed before Notary Luis Campillo, by which Carmen Tibot and Carmen Fuentes purely and simply assign the credit referred to, to Fernando J. Montilla, notwithstanding that both contracting parties show that they were acquainted with the fact that such credit had been previously assigned to another person; and, subsidiarily, prescription was alleged and it was prayed that the action to recover the mortgage credit be held to have been extinguished, because such mortgage credit having matured four months after its date, which was September 24, 1870, more than 30 years have elapsed without any effort

to recover it having been made, said period being fixed by Law 63 of Toro for the prescription of a mortgage action.

The defendant, Fernando J. Montilla, answered the complaint admitting the facts relating to the persons who composed the plaintiff estate and their capacity, the capacity of said defendant and the date of the initiation and other particulars of the mortgage proceedings prosecuted by him, but he particularly denied the other allegations of fact of the complaint, which are exactly those which we have indicated as the grounds for the petitions for annulment and extinction of the action formulated in said complaint; and as new matter said defendant Montilla alleged, that as a matter of fact he had instituted summary proceedings to recover the mortgage credit owed him by the plaintiff and the court had admitted the proceedings in accordance with the provisions of the mortgage law, holding the titles presented by Montilla to be sufficient, as being the titles which the law requires in such cases; that the plaintiff has done nothing up to the present except to interfere with the course of said proceedings by claims and judicial proceedings which have been entirely unsuccessful, and that the alleged prescription of the action was also invoked without success for the purpose of interfering with the sale of the estate which had been announced for March 12, 1908; that if Tibot assigned the mortgage credit to Emilio Montilla, and the latter transferred it to Fernando J. Montilla, the Estate of Tibot, consisting of his widow, Carmen Fuentes, and his universal heir, Carmen Tibot, could legally, as it had done, transfer said assignment directly to Fernando, because it was the same thing to assign it to one as to the other, and that said assignment had been recorded in the registry and constitutes a perfect and valid title; that notwithstanding the fact that more than 30 years have elapsed since the date on which the mortgage had been constituted, the plaintiffs know that throughout the period judicial proceedings have been instituted for the recovery of said mortgage, without it having been possible to obtain such result heretofore, on account

of the difficulties placed in the way by the debtor; and in view of the facts stated, the defendant prayed the court to dismiss the complaint, with the costs.

The trial having been held with the attendance of both parties, the district court rendered judgment on September 30, 1908, holding that the facts and the law were in favor of the defendant and against the plaintiff, and, therefore, denying the petitions of the complaint, with the costs and expenses proven against the plaintiff.

The plaintiff took an appeal from said judgment to this Supreme Court, the transcript of the record having been received in due form containing a statement of facts embodying all the evidence presented by both parties at the oral trial.

The allegations made in support of the appeal are the same as those which served as a basis for the complaint as follows:

(a) That the execution creditor did not present sufficient evidence of his capacity;

(b) That the titles of the credit do not bear the memorandum of record in the registry, nor do they contain the requisites necessary to warrant the issuance of a writ of execution;

(c) That the assignment made by the heirs of Tibot in favor of Montilla was made for a false consideration and without any legal consideration as a ground therefor, which vitiates the mortgage proceedings based thereon, and;

(d) That the mortgage action has prescribed.

To the initial petition in the summary proceedings was attached an authentic copy of the deed of the assignment of the mortgage credit, made by Carmen Tibot and María del Carmen Fuentes, the widow of Tibot, in favor of Fernando J. Montilla, duly recorded in the registry of property of this city; a copy of the deed executed by Emilio Montilla in favor of Fernando J. Montilla of the assignment of the mortgage credit acquired from Tibot, and a certificate issued by the Registrar of Property of San Juan to the effect that the said mortgage was in force and uncanceled and was

not pending cancellation, and that the ownership thereof had been assigned by Vicente Rodríguez to José Ramón Tibot, acquired by Carmen Tibot y Fuentes under the will executed by José Ramón Tibot, and without prejudice to the usufructuary share corresponding to the widow of said Tibot and assigned by said Carmen Tibot y Fuentes and the widow María del Carmen Fuentes y Maisonet to Fernando J. Montilla, and subsequently there was presented in court the deed of September 24, 1870, relating to the constitution of a mortgage credit by Juan Basilio Núñez in favor of Vicente Rodríguez and that of November 21, 1870 relating to the assignment of the same credit made by Vicente Rodríguez to José Ramón Tibot. These were the deeds which served as a basis for the execution proceedings, the annulment of which is sought in this case; the deed of the constitution of the mortgage in favor of Vicente Rodríguez is the deed importing a confession of judgment which really serves as a basis for the proceedings and as it appears that said deed has been recorded in the registry of property and that the mortgage is not canceled, nor pending cancellation, and that the debt is true and demandable, as we will see later, it must necessarily be acknowledged that the deed constituting the credit contains the necessary legal requisites to warrant the issuance of execution.

Now then, has the defendant, Montilla, established his capacity as the execution creditor? Completely, in our judgment. The mortgage having been originally constituted in favor of Vicente Rodríguez, it was later assigned, by public deed, to José Ramón Tibot and the assignment recorded; upon the death of Tibot, the mortgage obligation passed to his sole and universal heir, Carmen Tibot, and to his widow, María del Carmen Fuentes, by will made in their favor by the said José Ramón Tibot, before Notary Tomás Valdejuli, on April 30, 1906, and said heirs in their turn assigned the said mortgage obligation to the present defendant, Fernando J. Montilla, who recorded the assignment, and in view of these

deeds he instituted summary proceedings to recover the mortgage and the interest thereon; the capacity of Montilla as the execution creditor is, therefore, perfectly established. Nevertheless, the validity of the assignment which Mrs. Tibot and Fuentes made in favor of Fernando J. Montilla is contested because the capacity which they claimed as heirs of José Ramón Tibot had not been established, and because the consideration of the said assignment consisted in the fact that these parties considered themselves obligated as such heirs of José Ramón Tibot, to comply with the obligation of the latter to convert into a public deed a private contract by which the latter assigned the said credit to Emilio Montilla, and that as such consideration is false, because it may be seen from the private document that Tibot had not contracted the obligation, and as there is no other consideration which can serve as a basis for the assignment, the latter is void under the law, as are consequently, the proceedings based thereon; but it appears that we must repeat here what we said in the opinion of this court of January 30, 1908, in application for a writ of *certiorari* made by the plaintiff in this case, with reference to the same execution proceedings, and that is that it has not been denied here that José R. Tibot died on July 18, 1906, and that he executed a will under date of April 30, 1906, in favor of the Mrs. Tibot, because all of this appears in an authentic manner in the deed of assignment executed in favor of the execution creditor, Montilla, as also the capacity of executor of one of the assigning parties; nor is it denied that they are the only heirs of José Ramón Tibot, it appearing, on the contrary, that these particulars are admitted; and with respect to the falsity of the consideration of the assignment made in favor of Fernando J. Montilla, we must state, that although it is true that José Ramón Tibot did not contract the obligation of converting into a public deed the private contract which he executed in the favor of Emilio Montilla, it is no less true that it was also stipulated in said agreement *that the contracting parties may determine to conclude in a different form the ne-*

*gotiation to which it refers,* and consequently, if Fernando J. Montilla has been subrogated to all the rights and actions which pertained to Emilio Montilla by virtue of such document, and, if on the other hand, the Mrs. Tibot, as heirs of José Ramón Tibot, succeeded the latter to all his rights and obligations, it is evident that both Fernando J. Montilla as well as the assigning Tibot, had a perfect right to conclude in the form which to them seemed best, the obligations and stipulations embodied in the private document to which reference has been made; there is therefore, no false consideration, and the consideration of the assignment is perfectly valid and legal.

Having thus discussed the first three grounds of the appeal, only the fourth ground remains to be discussed and that is the prescription of the mortgage action.

As we have seen, the mortgage was constituted on September 24, 1870, for a term of four months, and it, therefore, became due on January 24, 1871, and between said date and July 31, 1907, when the mortgage action was instituted more than the 30 years fixed by the Law 63 of Toro for the exercise of the action had elapsed; but the defendant in these proceedings for annulment alleged in his answer that the prescription has been interrupted by judicial claim made for the recovery of this mortgage, and, consequently, that the allegation of prescription should be rejected.

In support of his allegation, the defendant presented a certificate issued by the Secretary of the District Court of San Juan containing a petition addressed by Attorney Manuel F. Rossy asking for a certificate of certain particulars relating to proceedings prosecuted in the Court of First Instance of Vega Baja by José Ramón Tibot, represented by Solicitor José Carreras del Valle, against the Estate of Juan Basilio Núñez, which proceedings were begun in the year 1894, and should be filed in the said office of the secretary, the secretary stating in the said certificate that, upon an examination of the index of the archives of the office under his charge it had not

been possible to find the record of the proceedings referred to in said petition, for which reason he could not issue the certificate applied for in such petition. Then the defendant presented a copy of the Gaceta de Puerto Rico, No. 89, for Thursday, July 26, 1894, on the last page of which appears a notice summoning Gonzalo and Isabel Núñez to appear within the period on nine days to make answer to a complaint filed by José Ramón Tibot against the Estate of Julio Basilio Núñez, which complaint had been admitted by said court by order of July 18, 1894. The plaintiff admitted the genuineness of the copy of the Gaceta de Puerto Rico, but objected to its admission on the ground that it constituted proof of a subsidiary character to establish the existence of the proceedings to which said petition referred, and that such evidence was not admissible unless it were established that the original record had been lost or destroyed or were beyond the jurisdiction of the court. The judge admitted the Gaceta and the plaintiff noted an exception. Then the defendant introduced the testimony of witnesses as to the existence of said proceedings, and the plaintiff objected to the admission thereof on the same ground on which he founded his opposition to the admission of the Gaceta referred to, and as the court ruled in favor of the admission of the testimony of the witnesses proposed, the plaintiff took an exception.

We will first consider the exceptions taken, in order afterwards to weigh the merits of the documentary evidence and the testimony of the witnesses in relation with the existence of the said proceedings, that is, if their admission was proper.

In accordance with the provisions of General Order No. 118, of August 16, 1899, courts of preliminary examination and of first instance were abolished and all the archives and matters pending in said courts then passed to the respective district courts, for which reason it is evident that all matters which had been brought before the Judge of First Instance of Vega Baja, passed under the provisions of said order to the District Court of San Juan which was the district to which

said court belonged; consequently, if a certificate issued by the secretary of said district court be presented and said certificate sets forth that upon an examination of the archives of the office under his charge it has not been possible to locate the record of the proceedings sought and the existence of which must be established, it must be conceded that the loss of such record is sufficiently established, because upon proof of the fact that such record is not in the place where it legally should be cared for and filed, its loss is, *ipso facto,* sufficiently established, and in such case the documentary evidence and the testimony of the witnesses of a secondary character, proposed and presented by the defendant, was perfectly admissible.

Now then, the question to be decided is reduced to a determination of the nature of the record of proceedings lost—that is to say, whether those proceedings instituted in the year 1894, before the said court of first instance, by solicitor José Carreras as the attorney in fact of José R. Tibot, were to recover the same mortgage which was the subject of the summary proceedings instituted under date of July 31, 1907, by Fernando J. Montilla, now the defendant, against the Estate of Juan Basilio Núñez, the annulment of which is sought in these proceedings.

Witness José C. Martínez testified that when he was a clerk in the year 1894 in the office of José de Jesús Calderón, a court clerk, he knew of proceedings which had been instituted there by solicitor José Carreras against the Estate of Juan B. Núñez, for the recovery of 1,600 *escudos* and interest at two per cent, if he recollects rightly, and for a mortgage constituted on the estate of "Aurora" of Bayamón; that the edict which appears in the Gazette refers to said proceedings, which passed through the office of Calderon, where all the proceedings were recorded, and that in addition to solicitor Carreras, Julián Blanco as the representative of Josefa Núñez had also taken part therein; that the witness had seen the

proceedings prosecuted before the court, but that he does not remember the result thereof.

Witness Pedro de Aldrey testified that he had known of the notice published in the Gazette but a few months before, so that he does not know whether it referred to proceedings of which he had knowledge between the same parties in which the same action was exercised, before the same court and on the same date; that towards the end of 1896, or beginning of 1897, Emilio Montilla brought him a case for his consideration as a lawyer and for his opinoin, and this case was the original case that was being prosecuted in Vega Baja by José Ramón Tibot against the Estate of Juan Basilio Núñez, and he remembers that it contained a petition made by Julián Blanco on behalf of Isabel Núñez, one of the heirs, he believes, in which he said that there were other heirs; that the case was in the possesion of the witnesses and that he returned it, and that it involved the recovery of a mortgage constituted on the estate in Bayamón belonging to the Estate of Núñez, and that he does not remember the status of the proceedings when he had it in his possession; that he personally looked for the record in the archives of the district court and could not find it; that the witness knew that Cruz Castro had had the record, that he had told him so personally, and that Cruz Castro died and was buried the day before the witness testified; that the witness believed that the record was in the possession of Cruz Castro, but the latter always told him that he did not have it.

Emilio Montilla stated that José R. Tibot had not executed to him a public deed of the mortgage credit which the witness assigned to his son, Fernando J. Montilla, and that he had not done so because said Tibot had obligated himself by a private document to continue the execution proceedings to the end, which execution proceedings were for the purpose of recovering on a mortgage and to deliver the estate to him upon the conclusion thereof; that the witness knows that José R. Tibot brought an action against the Estate of Núñez for the recovery of the mortgage which he had assigned to the witness; that

when he assigned said mortgage to him, the execution proceedings were already being prosecuted in Vega Baja in the court of first instance, and there said proceedings were being prosecuted by Tibot, who frequently informed him of the progress thereof, and that such proceedings had been instituted at the beginning of 1894.

A mere perusal of the foregoing depositions is sufficient to carry conviction that José Ramón Tibot instituted proceedings in the year 1894, in the Court of First Instance of Vega Baja against the Estate of Juan Basilio Núñez for the recovery of the said mortgage of 1,600 *escudos,* which served as a basis for the summary proceedings instituted by Fernando J. Montilla against the said Estate of Núñez, on July 31, 1907; furthermore, the said party plaintiff has brought to those proceedings additional evidence which in a certain sense establishes the fact that the proceedings instituted by José Ramón Tibot in the year 1894, was a mortgage action, and such evidence is the deed of August 16, 1906, executed before Notary Luis Campillo, and by which Emilio Montilla assigns and transfers to his son, Fernando J. Montilla, the mortgage credit which he had acquired from José Ramón Tibot, in which is inserted the private document executed by José Ramón Tibot, Emilio Montilla and Fernando A. Umpierra, on April 19, 1894, which private document is *executed precisely in connection with the sale of the estate called "Aurora,"* and against which execution *proceedings are being prosecuted by José R. Tibot to recover a mortgage credit in his favor;* the same party, now the plaintiff, in discussing one of the grounds of the appeal, acknowledges that José R. Tibot contracted under that document the obligation of continuing to the end execution proceedings which were pending against said estate in connection with the said mortgage obligation, until the estate should be placed in possession of the assignee Montilla; and what could such pending execution proceedings be against the Estate of Aurora in connection with the mortgage obligation constituted in favor of Tibot, if they be not the same to

which the witnesses refer as instituted by the said Tibot in the Court of First Instance of Vega Baja, exactly in the same year the private document was executed? The genuineness of this document has been admitted undoubtedly and it had also been established by the testimony of Emilio Montilla, who asserts that José Ramón Tibot signed it in his presence, and, although the declarations therein contained cannot prejudice thrid persons, nevertheless, considering these declarations made in the year 1894, in harmony with the testimony of the witnesses given at this time, at the oral trial, and which we have transcribed above, there cannot be the slightest doubt that the mortgage referred to in the case at bar was made the subject of a judicial claim instituted in the year 1894, and this being the case, the interruption of the prescription must be held to have been fully established, and, consequently, that the mortgage action exercised by Fernando J. Montilla on July 31, 1907, in initiating the summary proceedings for the recovery of said mortgage has not prescribed.

On the grounds stated, the judgment rendered by the First Section of the District Court of San Juan should be affirmed, as it is affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice del Toro did not take part in the decision of this case.